## Commonwealth v. Barto

*David J. Brightbill,* Assistant District Attorney, for Commonwealth.

*Robert C. Rowe,* of *Spitler, Rowe & Kilgore,* for defendant.

GATES, P. J., May 17, 1973.—On May 26, 1972, the General Assembly enacted Act No. 84 amending The Vehicle Code of May 26, 1972, P. L. 224, 75 PS §624, designating the first offense for operating during a period of suspension as a summary proceeding rather than a misdemeanor as it was before.

Subsequently, on August 3, 1972, defendant was stopped by a city police officer. Defendant was unable

to produce his operator's card. The police officer thereafter obtained a copy of defendant's driving record which disclosed that as of August 3, 1972, defendant's operating privileges were suspended. Thereafter, on September 22, 1972, the officer instituted a summary proceeding against defendant for violating section 624(6), as amended, of The Vehicle Code.

It is important to note that while the offense occurred on August 3, 1972, the arresting officer did not know of the offense until he received the written notice from the Department of Transportation on September 15, 1972, seven days prior to filing the summary complaint.

Defendant now moves to have the complaint dismissed because it was filed more than 15 days after the date of the offense, in violation of section 1201 of The Vehicle Code.

Section 1201 of The Vehicle Code is mandatory and complaints charging violations thereof must be brought before a district justice within 15 days from the date of the alleged offense, unless excused by subsection (a) of section 1201. That subsection allows prosecutions for violation of section 624(2), (3), (8), to be brought within 15 days after it is discovered that a violation of any of these sections has been committed. Apparently, when the legislature amended The Vehicle Code making section 624(6) a summary, it overlooked the limitation of actions section as it affects the offense of operating during suspension.

All too frequently there is a delay between the time a motorist is stopped and it is subsequently learned that the motorist was, at the time, operating during suspension. Although the various police departments have sophisticated equipment for quickly determining whether an individual is operating during suspension,

it is frequently not employed and certainly was not employed in this case. While at first blush it may seem unjust to dismiss a patent violation of The Vehicle Code case on these facts, to do otherwise would not be interpreting the law, as is our responsibility. To permit this conviction to stand would require us to amend The Vehicle Code by adding section 624(6) to those sections of the code where violations may be brought within 15 days after the violation is discovered. Common sense dictates that it is a wiser course of conduct to allow an offender to go unpunished than to take upon ourselves legislative powers which we do not have and which clearly belong to the legislative branch of government.

In that this complaint was not filed within 15 days of the date of the offense, we will make the following

### ORDER

And now, to wit, May 17, 1973, the complaint is dismissed and the clerk of court is directed to refund the fine and costs paid by defendant.